OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. King.
[Cite as Disciplinary Counsel v. King (1993),        Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Public reprimand -- Conduct
    adversely reflecting on fitness to practice law
    --Threatening criminal prosecution solely to obtain an
    advantage in a civil matter -- Retroactively filing
    certificates of registration.
    (No. 93-867 -- Submitted June 15, 1993 -- Decided
September 8, 1993.)
    On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-68.
    A complaint by the Office of Disciplinary Counsel was
filed before the Board of Commissioners on Grievances and
Discipline of the Supreme Court on December 7, 1992, charging
respondent, Barry King of Cleveland, Ohio, Attorney
Registration No. 0029054, with two counts of misconduct.  The
complaint alleged that respondent's conduct violated, inter
alia, DR 1-102(A)(6) (conduct adversely reflecting on his
fitness to practice law), 7-105 (threatening criminal
prosecution solely to obtain an advantage in a civil matter),
and Gov. Bar R. VI(1) (retroactively filing certificates of
registration).  Respondent's answer of December 30, 1992 denied
that he had violated the Code of Professional Responsibility or
Gov. Bar R. VI(1).
    On March 24, 1993 the parties entered into stipulations
and recommendation for sanctions, as well as a waiver of the
hearing scheduled for April 2, 1993.  A panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
considered the stipulations and recommendation, made findings
of fact and conclusions of law, and adopted the recommendation
of the parties that respondent be publicly reprimanded.
    The panel found that respondent had been retained by
Elizabeth Sudberry in a forcible entry and detainer action
against her mother-in-law, Garnet Major, a controversy between
family members over ownership of real estate.  On the day
before trial, counsel for Major received a letter from
respondent which stated, in part:

"The report of Anne M. Gelson clearly shows that your client has committed felony offenses of conversion, fraud and theft among others. I strongly suggest that she dismiss her claims and either pay Ms. Sudberry the rent due or vacate the premises immediately.

"Please be assured that unless Ms. Sudberry is reimbursed for her expenses and the loss of property, she will bring to the attention of the Prosecutors' Office the enclosed documents for the purpose of seeing criminal prosecution. Not only will she involve Garnet Major, but she will seek the prosecution of Ms. Major's sister who we believe notarized one of the documents and all other individuals who were involved.

"I urge you to strongly suggest to your client the folly in continuing this case."

Counsel for Major considered that letter a threat of criminal prosecution and, accordingly, on the day of trial, he spoke with respondent about it. Respondent reiterated that he would contact the prosecutor's office unless Major did as requested in the letter.

The parties stipulated, and the panel found, that respondent's conduct violated DR 1-102(A)(6) and 7-105, and Gov. Bar R. VI(1), in that he paid his attorney registration fees for the 1985-1987 biennium one and one-half months late and his 1987-1989 fees more than five and one-half months late.

The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be publicly reprimanded and the costs of these proceedings be taxed to respondent.

J. Warren Bettis, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.

James Draper, for respondent.

Per Curiam. We adopt the findings of fact and recommendations of the board. Respondent, Barry King, is hereby publicly reprimanded. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.